UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEO KRAMER,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDVIN, et al.,<br><br>    Defendants. | Case No. 15-cv-03780-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at the Mendocino County Jail, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 claiming that Defendants were deliberately indifferent to his serious medical needs. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2  Although a complaint "does not need detailed factual allegations [in order to state a complaint], . .
3  . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than
4  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. .
5  . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
6  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must
7  proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.
8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10 the alleged violation was committed by a person acting under the color of state law. *West v.*
11 *Atkins*, 487 U.S. 42, 48 (1988).
12 B.    <u>Legal Claims</u>
13       Plaintiff makes a general allegation that the Mendocino County Jail medical staff refused
14 to provide him with medication to prevent his seizures.  Docket No. 1 ("Compl.") at 4.  Plaintiff
15 further alleges that the seizures resulted in a scar on his face, injury to his left shoulder, and four
16 weeks of severe pain.  *See id.*  Liberally construed, Plaintiff states a claim for deliberate
17 indifference to his serious medical needs, in violation of the Eighth Amendment's proscription
18 against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin*
19 *v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies,*
20 *Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).  However, for the reasons stated below, this
21 complaint will be DISMISSED with leave to amend.
22       Plaintiff's first problem is that the complaint does not state a claim against the defendants
23 he identifies by name.  Plaintiff names Doctor Medvin, RN Claire Teske, Sheriff Tom Allman and
24 Captain T. Pearce as defendants, but provides no facts linking them to his allegations of
25 wrongdoing.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions,
26 that show that an individual was personally involved in the deprivation of his civil rights." *Barren*
27 *v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.
28 1988).  Plaintiff's allegations will be dismissed with leave to amend to show what actions each

United States District Court
Northern District of California

1  defendant took or failed to take that caused the Eighth Amendment violations.  Sweeping
2  conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each
3  individual defendant's deliberate indifference."  *Leer*, 844 F.2d at 634.  Plaintiff is advised that a
4  supervisor is not liable merely because the supervisor is responsible, in general terms, for the
5  actions of another.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno*
6  *Thunderbird Mobile Home Village*, 723 F.2d 675, 680–81 (9th Cir. 1984).  A supervisor may be
7  liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a
8  sufficient causal connection between the supervisor's wrongful conduct and the constitutional
9  violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003–04 (9th Cir. 2012).

10  Secondly, Plaintiff names California Forensic Medical Group ("CMFG") as a defendant.
11  CMFG appears to be a private entity.   To state a claim under § 1983, the defendant must have
12  acted under color of state law.  Private actors have been found to act under color of state law
13  where they contract with the state to provide a service that the state bears "an affirmative
14  obligation to provide."  *West*, 487 U.S. at 55–56 (1988) (finding private doctor acted under color
15  of state law in providing medical care to inmates under a contract with prison because Eighth
16  Amendment requires prison to provide such care to inmates).  If Plaintiff wishes to assert a civil
17  rights claim against CMFG, Plaintiff must specify how CMFG acted under color of state law, e.g.
18  if CMFG operates as a state contractor.  Similarly, if Dr. Medvin and RN Teske are not state
19  employees, Plaintiff must specify how they were acting under color of state law, e.g. if Dr.
20  Medvin and RN Teske are state contractors.

21  Finally, Plaintiff has not alleged any conduct by defendant Mendocino County.  To impose
22  liability under Section 1983 against a municipal entity such as Mendocino County for a violation
23  of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right
24  of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy
25  amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is
26  the moving force behind the constitutional violation.  *Plumeau v. School Dist. #40 County of*
27  *Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658,
28  690 (1978).  Plaintiff does not allege any policy by Mendocino County that allegedly led to the

United States District Court
Northern District of California

actions against him. Plaintiff may attempt to cure this deficiency in the amended complaint, if he can do so in good faith.

The Court notes that Plaintiff has attached over two hundred pages of exhibits, which appear to be his medical records, grievances, inmate request forms, and correspondence regarding his medical needs. The Court is not required to—and will not—sift through exhibits trying to piece together Plaintiff's possible claims. Plaintiff must include all allegations in his amended complaint and should address the deficiencies identified above.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within **thirty (30)** days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (15-3780 HSG (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.** The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**IT IS SO ORDERED.**

Dated: 12/8/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge