UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEO KRAMER,<br>    Plaintiff,<br>  v.<br>MEDVIN, et al.,<br>    Defendants. | Case No. 15-cv-03780-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN DEFENDANTS WITH LEAVE TO AMEND; DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>Dkt. No. 9 |

Plaintiff, an inmate at the Mendocino County Jail, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 claiming that Defendants violated his constitutional rights. Plaintiff's first amended complaint ("FAC") (Docket No. 7) is currently before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although a complaint "does not need detailed factual allegations [in order to state a claim], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

According to the FAC, Dr. Medvin refused to prescribe Plaintiff medication for his seizures and his migraines; refused to authorize an MRI for Plaintiff; directed Nurse Carli to deny Plaintiff aspirin; and refused to provide Plaintiff with medical care. Docket No. 7 ("FAC") at 4–6. Dr. Medvin's actions and inactions resulted in Plaintiff suffering a seizure, injuring his left shoulder, and suffering extreme and constant pain. *Id.* Plaintiff informed Sheriff Tom Allman and Captain Pearce about his inability to secure medical treatment for his serious medical needs, but neither Sheriff Allman nor Captain Peace secured medical care for Plaintiff. *Id.* at 6. RN Johns deprived Plaintiff of adequate medical care by refusing to provide him with pain medication free of charge. *Id.* at 7.

Plaintiff also alleges that Mendocino County's policies were the "moving force" behind the alleged constitutional violations. FAC at 7. He further alleges that California Forensic Medical Group ("CFMG") contracts with the state to provide medical care, and is therefore constitutionally obligated to provide him with adequate medical care. *Id.* at 8.

Liberally construed, Plaintiff states a claim that Dr. Medvin, Sheriff Allman, Captain Pearce, and RN Johns were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*,

2

429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Plaintiff alleges that his due process rights were violated when Sheriff Allman abused his discretion and failed to provide Plaintiff with medical care. FAC at 6. The touchstone of due process is protection of the individual against arbitrary government action, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective. *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998) (quotation marks and citations omitted). However, the concept of substantive due process is expanded only reluctantly, and for this reason, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *Id.* at 842–43 ("[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (citations and internal quotation marks omitted; alteration in original). Because the Eighth Amendment accords protection to Plaintiff's medical needs, *see Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (noting that allegations that a pretrial detainee has not received adequate medical care is analyzed under the due process clause while the same allegations brought by a prisoner are analyzed under the Eighth Amendment), he may not pursue a due process claim. This deficiency cannot be cured through amendment, and accordingly the due process claim is DISMISSED WITH PREDJUDICE and may not be amended.

Plaintiff has also failed to state a claim against Mendocino County and CFMG. As the Court explained in its December 8, 2015 Order of Dismissal with Leave to Amend, to impose liability under Section 1983 against a municipal entity such as Mendocino County for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of*

*Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff has not identified what formal government policy or longstanding custom that caused the alleged violation of his constitutional rights. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to meet the pleading requirements of Federal Rule of Civil Procedure 8]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mendocino County is DISMISSED from this action. However, Plaintiff is granted leave to amend his claim against Mendocino County to plead facts indicating that Mendocino County had a formal policy or longstanding custom that was the moving force behind the constitutional violation, if Plaintiff can truthfully do so.

In the Court's December 8, 2015 Order of Dismissal with Leave to Amend, the Court dismissed the claims against CFMG because CFMG appeared to be a private entity. In the FAC, Plaintiff has adequately alleged that CFMG has acted under color of state law. FAC at 8. However, Plaintiff has not provided any facts linking CFMG to the alleged constitutional violations. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). It is unclear if Dr. Medvin and RN Jones are employed by Mendocino County or CFMG. CFMG is DISMISSED from this action. However, Plaintiff is granted leave to amend his claim against CFMG to plead facts indicating that CFMG was "personally involved in the deprivation of his civil rights," *id.* at 1194, if Plaintiff can truthfully do so.

Defendant RN Clair Teske is DISMISSED from this action. Plaintiff states that he was mistaken in identifying her as the nurse that had denied him pain medication. FAC at 6.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* (Docket. No. 9) is DENIED as moot. Plaintiff has already been granted leave to proceed *in forma pauperis*. *See* Docket No. 5.

2. RN Clair Teske, Mendocino County, and the California Forensic Medical Group are DISMISSED from this action.

4

3. Plaintiff has been granted leave to amend his claims against Mendocino County and the California Forensic Medical Group, as indicated above. If he chooses to amend these claims, he must file a second amended complaint within **thirty (30) days** of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (15-3780 HSG (PR)) and the words SECOND AMENDED COMPLAINT on the first page. The Clerk of the Court shall send Plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims that have been found cognizable and the defendants that have been ordered served. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Plaintiff fails to file a proper second amended complaint within the designated time, the FAC shall continue as the operative complaint, and this instant action will proceed against Defendants Dr. Medvin, Sheriff Tom Allman, Captain Pearce, and RN Johns.

4. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the FAC (Docket No. 7), and a copy of this order upon Defendants Dr. Medvin, Sheriff Tom Allman, Captain Pearce, and RN Johns, at the Mendocino County Jail, 951 Low Gap Rd, Ukiah, CA 95482.

The Clerk shall also mail a courtesy copy of the FAC and this order to the Mendocino County Counsel's Office, 501 Low Gap Road, Rm. 1030, Ukiah, CA 95482.

5. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **91 days** from the date this Order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice

5

requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with summary judgment motion). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.      Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

      6.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

      Plaintiff also is advised that a motion to dismiss for failure to exhaust available

6

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

7. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This Order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated: 2/16/2016

									_____
									HAYWOOD S. GILLIAM, JR.
									United States District Judge