UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEO KRAMER,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDVIN, et al.,<br><br>    Defendants. | Case No. 15-cv-03780-HSG<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT** |

Plaintiff, an inmate at Napa State Hospital, filed this *pro se* civil rights action under 42 U.S.C. § 1983 claiming that prison officials at Mendocino County Jail, where he was previously housed, violated his constitutional rights. Plaintiff's second amended complaint ("SAC") (Docket No. 12) is currently before the Court for screening pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although a complaint "does not need detailed factual allegations [in order to state a claim], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Procedural History</u>

Plaintiff's initial complaint (Docket No. 1) named Dr. Medvin, RN Claire Teske, Sheriff Tom Allman, Captain T. Pearce, California Forensic Medical Group ("CFMG"), and Mendocino County as defendants. Docket No. 1 at 2. The complaint was dismissed with leave to amend because Plaintiff failed to provide facts linking the defendants identified by name to his allegations of wrongdoing; because he failed to identify how CFMG acted under color of state law; and because he failed to allege any conduct by Mendocino County. Docket No. 6 at 2–4.

On December 23, 2015, Plaintiff filed a first amended complaint, again naming Dr. Medvin, RN Claire Teske, Sheriff Tom Allman, Captain T. Pearce, CFMG, and Mendocino County as defendants, and adding RN Johns as a defendant. Docket No. 7 at 2. After screening the first amended complaint, the Court found that Plaintiff had stated a cognizable Eighth Amendment claim against Dr. Medvin, Sheriff Allman, Captain Pearce, and RN Johns, and ordered that these defendants be served with the first amended complaint. *Id.* at 2 and 5. The Court dismissed with prejudice the due process claim against Sheriff Allman for failure to state a claim. *Id.* at 3. The Court dismissed RN Teske from the action because Plaintiff failed to allege any conduct by RN Teske. *Id.* at 3. The Court dismissed Mendocino County from the action because Plaintiff had failed to plead facts that indicated that Mendocino County had a formal

policy or longstanding custom that was the moving force behind the constitutional violations; and dismissed CFMG for failure to plead facts indicating that CFMG was personally involved in the constitutional violations. *Id.* at 3–4. The Court granted Plaintiff leave to amend his claims against Mendocino County and CFMG and correct the deficiencies identified by the Court. *Id.* at 4–5.

C.   Legal Claims

In the SAC, Plaintiff again names Mendocino County, CFMG, Sheriff Tom Allman, Captain Pearce, RN Johns, Dr. Medvin, and RN Teske as defendants. SAC at 2.

According to the SAC, since Plaintiff's arrival at Mendocino County Jail on January 8, 2015, Plaintiff has been unable to obtain medical care despite his efforts and his medical conditions. SAC at 10. Dr. Medvin took away Plaintiff's seizure medication, causing Plaintiff to be injured on May 27, 2015 when he suffered a seizure and fell. *Id.* at 5. For the month following the seizure, Plaintiff was placed in an observation cell that was brightly lit twenty-four hours a day, with "blatant disregard" for his sensitivity to bright lights. *Id.* at 10. Dr. Medvin also refused to honor an outside doctor's prescription for Excedrin that was intended to treat Plaintiff's migraines. *Id.*

In addition, Plaintiff's left shoulder is "severely damaged." SAC at 5. An x-ray of Plaintiff's left shoulder did not show any damage so Dr. Medvin has refused to treat Plaintiff's left shoulder. *Id.* Plaintiff alleges that an MRI of his left shoulder would show the damage. Plaintiff's request for an MRI has been denied and Plaintiff was informed that he would not receive an MRI unless he paid for it himself, at a cost of $2,100. *Id.* Plaintiff's left shoulder sustained additional injury when he fell while bring transported in a county transport van. *Id.* at 6. Plaintiff sought medical care for this injury, but RN Teske denied him access to a doctor, and Dr. Medvin refused to see Plaintiff. *Id.* at 6 and 9.

Plaintiff further alleges that Dr. Medvin instructed the Mendocino County Jail staff to deny him all medications, including aspirin. SAC at 5 and 6.

Plaintiff informed Sheriff Tom Allman and Captain Pearce about his inability to secure needed medical treatment, but neither Sheriff Allman nor Captain Peace secured medical care for him. SAC at 7. Captain Pearce informed Plaintiff in writing that if he wished to have an MRI of

his left shoulder, he would need to pay $2,100. *Id.* at 7. RN Johns refused to provide Plaintiff with pain medication free of charge. *Id.* at 8.

Plaintiff alleges that Mendocino County and CFMG have a policy that an inmate will not receive care unless he pays for it himself. SAC at 3. Plaintiff also alleges that when he arrived at Mendocino County Jail, he was unable to obtain medical care because Dr. Medvin was on vacation and the jail failed to arrange for a "backup doctor." *Id.* at 10.

Liberally construed, the SAC again states a claim that Dr. Medvin, Sheriff Allman, Captain Pearce, RN Teske, and RN Johns were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Plaintiff's allegations that Mendocino County and CFMG have a policy that inmates will not receive medical care unless they pay for such care, and that Mendocino County does not provide backup medical care when their doctors are out on vacation, also state cognizable Eighth Amendment claims. *Estelle*, 429 U.S. 103–04.

Plaintiff alleges that Sheriff Allman violated his due process rights under the Fifth and Fourteenth Amendment "to be free from an abuse . . . of discretion on the part of prison officials." SAC at 7. This due process claim was dismissed with prejudice in the Court's December 23, 2015 Order of Partial Service. *See* Docket No. 10 at 3 (noting that substantive due process is expanded only reluctantly, and that because Plaintiff's claim is afforded protection by the Eighth Amendment, it should be analyzed under that standard rather than under the rubric of substantive due process). Plaintiff was not granted leave to amend this claim. *See id.* For the same reasons set forth in the Court's December 23, 2015 Order of Partial Service, the Court again dismisses with prejudice the due process claim against Sheriff Allman. *See id.*

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The SAC (Docket No. 12) is the operative complaint in this case. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (amended complaint supersedes prior

4

complaints). Plaintiff's due process claim against Sheriff Tom Allman is DISMISSED with prejudice, and without leave to amend. As discussed above, liberally construed, the allegations set forth in the SAC state cognizable claims that Dr. Medvin, Sheriff Allman, Captain Pearce, RN Teske, RN Johns, Mendocino County, and California Forensic Medical Group were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

2.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the SAC (Docket No. 12), and a copy of this order upon defendant RN Claire Teske at the Mendocino County Jail, 951 Low Gap Rd, Ukiah, CA 95482, and upon defendants Mendocino County and California Forensic Medical Group at County Counsel, County of Mendocino, Administration Center, 501 Low Gap Road, Rm. 1030, Ukiah, CA 95482. Pursuant to the Court's December 23, 2015 Order of Partial Service (Docket No. 10), the Clerk of the Court has already issued summons for Dr. Medvin, Sheriff Tom Allman, Captain Pearce, and RN Johns, who remain defendants in this case. *See* Docket No. 11.

3.  The briefing schedule set in the Court's December 23, 2015 Order of Partial Service (Docket No. 10) is vacated.

4.  In order to expedite the resolution of this case, the Court orders as follows:

   a.  No later than **91 days** from the date this Order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with summary judgment motion). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **28 days** from the date the

5

motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

   5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland,* 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

  Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

  (The *Rand* and *Wyatt* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative

remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: May 2, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge