UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEO KRAMER,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDVIN, et al.,<br><br>    Defendants. | Case No. 15-cv-03780-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO SUMMARY JUDGMENT MOTION**<br><br>Re: Dkt. No. 33 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 claiming that his constitutional rights were violated while he was housed at Mendocino County Jail. Plaintiff has filed a letter with this Court requesting appointment of counsel and an extension of time to file his opposition to the summary judgment motion. For the reasons set forth below, Plaintiff's request for appointment of counsel is DENIED and his request for an extension of time is GRANTED.

**DISCUSSION**

In requesting counsel and an extension of time, Plaintiff states that he has been unable to access the SQSP law library. Docket No. 33 at 1. Good cause being shown, Plaintiff's request for an extension of time to file his opposition to defendants' summary judgment motion is GRANTED. Plaintiff shall file his opposition to defendants' summary judgment motion **by September 30, 2016**.

However, Plaintiff's request for counsel is DENIED. Plaintiff's complaint alleges that he was denied medical treatment by Defendants, in violation of the Eighth Amendment. Plaintiff has no constitutional right to counsel in this case because his physical liberty is not at stake. *See*

*Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in a civil case unless indigent litigant may lose his physical liberty if he loses the litigation); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). Where there is no constitutional right to counsel, the decision to appoint counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Wilborn*, 789 F.2d at 1331 (that plaintiff may well have fared better with assistance of counsel not enough). Plaintiff has not demonstrated exceptional circumstances. Plaintiff has not been completely denied access to the law library. Rather, he has been unable to access the law library in the two weeks he has been housed at SQSP.[1] It is unclear if Plaintiff has since been granted access to the law library. Because exceptional circumstances do not exist at this time, Plaintiff's request for appointment of counsel is DENIED at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for an extension of time to file his opposition to defendants' summary judgment motion is GRANTED. Plaintiff shall file his opposition to defendants' summary judgment motion **by September 30, 2016**. Plaintiff's request for appointment of counsel is DENIED.

---

[1] Plaintiff states that his letter was written on August 11, 2016, and that he arrived at SQSP on July 28, 2016. Docket No. 33 at 1.

2

1   This order terminates Docket No. 33.

2   **IT IS SO ORDERED.**

3   Dated: 8/22/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge