UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEO KRAMER,<br>　　　　Plaintiff,<br>　　v.<br>MEDVIN, et al.,<br>　　　　Defendants. | Case No. 15-cv-03780-HSG<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR STAY; GRANTING EXTENSION OF TIME TO FILE DISPOSITIVE MOTION**<br><br>Dkt. No. 38 |

Plaintiff filed this *pro se* action under 42 U.S.C. § 1983 claiming that Defendants were deliberately indifferent to his serious medical needs while he was housed at Mendocino County Jail. Now pending before the Court is Plaintiff's request that the Court stay this case until he has the tools necessary to prosecute this case. Docket No. 38. For the reasons set forth below, this request is DENIED without prejudice.

**BACKGROUND**

On February 16, 2016, the Court ordered service of the first amended complaint on defendants Sheriff Tom Allman, RN Johns, Dr. Medvin, and Captain T. Pearce; dismissed certain defendants from the action; and granted Plaintiff leave to amend his claims against Mendocino County and California Forensic Medical Group. Docket No. 10. On March 7, 2016, Plaintiff filed a second amended complaint, which is currently the operative complaint in this action. Docket No. 12. On May 2, 2016, the Court screened the second amended complaint and found that, liberally construed, the second amended complaint stated cognizable claims against Sheriff Tom Allman, RN Johns, Dr. Medvin, Captain T. Pearce, RN Teske, Mendocino County, and California Forensic Medical Group. Docket No. 16. The Court ordered service of the second amended complaint on all defendants. *Id.* On August 1, 2016, Sheriff Allman, Mendocino County,

Mendocino County Jail, and Captain T. Pearce filed a motion for summary judgment. Docket No. 23. Plaintiff filed an opposition on September 13, 2016.[1] Docket No. 35. The deadline for the reply brief in support of the summary judgment motion was September 27, 2016. However, as of this date, no reply brief has been filed.

On October 11, 2016, Plaintiff filed a letter with the Court, requesting that the Court stay this action because he has been unable to access the law library. Docket No. 38. Plaintiff does not specify how long he would like the instant action stayed.

On October 19, 2016, California Forensic Medical Group, Dr. Medvin, RN Johns, and RN Teske filed an answer to the second amended complaint. Docket No. 39. California Forensic Medical Group, Dr. Medvin, RN Johns, and RN Teske have not yet filed a dispositive motion.

**DISCUSSION**

The Court is reluctant to stay this action indefinitely. Moreover, there is a pending summary judgment motion filed by Sheriff Allman, Mendocino County, Mendocino County Jail, and Captain T. Pearce that is ripe for ruling. Instead, the Court will **GRANT** defendants California Forensic Medical Group, Dr. Medvin, RN Johns, and RN Teske an extension of time to **December 30, 2016** to file their summary judgment or other dispositive motion. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due.

Because there are no pending deadlines in this case requiring Plaintiff's compliance, the Court **DENIES** Plaintiff's request for a stay without prejudice to re-filing a renewed motion for a limited stay if Plaintiff finds that a stay is still necessary. If Plaintiff files a renewed motion for a stay, Plaintiff should specify why the Court should stay this case rather than grant an extension of time to meet any pending deadlines, and should specify how long the stay should last.

---

[1] The Court notes that Plaintiff has indicated that his letter filed on September 13, 2016 (Docket No. 35) is intended to serve as his opposition to the summary judgment motion filed by Sheriff Allman, Mendocino County, Mendocino County Jail, and Captain T. Pearce. *See* Docket No. 35 at 3, and Docket No. 37 at 3.

With respect to Plaintiff's allegation that he has been denied access to the law library, the Court certifies that Plaintiff is proceeding *pro per* in federal civil rights proceedings,[2] and requests that officials at the Napa County Jail provide Plaintiff with reasonable access to the tools needed to challenge the conditions of his confinement.

**IT IS SO ORDERED.**

Dated: 10/24/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] According to documents filed with Plaintiff's October 11, 2016 letter, on September 7, 2016, Napa County Department of Corrections denied Plaintiff access to the law library on the grounds that Plaintiff was represented by counsel. Docket No. 38 at 5. However, Plaintiff is not represented by counsel in the instant action.

3